## DECATUR GASLIGHT AND COKE COMPANY
## v.
## THE CITY OF DECATUR.

*Municipal Corporations—Contract with Gas Company—Construction of —Exclusive Privileges.*

1. Under an ordinance providing that a gas company shall furnish the city with gas " of a quality at least equal to and at rates as favorable as that furnished" by a gas company in a neighboring city, the rates charged can not at any time exceed those then charged by the latter company.

2. In an action by a gas company to recover the contract price of gas furnished to a municipal corporation, the question whether the plaintiff is entitled to exclusive privileges, under an ordinance purporting to grant such privileges, does not arise.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Macon County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. CREA & EWING, for appellant.

Mr. I. R. MILLS, City Attorney, for appellee.

WALL, J. This suit was brought by appellant to recover the value of gas furnished to the appellee.

The case was submitted to the court without a jury upon an agreed state of facts from which it appeared that the appellee, a corporation created by a special act of the Legislature in 1865 with perpetual existence, was, by an ordinance of the City of Decatur, passed in March, 1867, authorized to use the streets, alleys and other public grounds of the city for the purpose of laying down and maintaining therein pipes for the use of the city and inhabitants thereof. Section 3 of the ordinance is as follows:

"That, in consideration of the privilege herein granted, the said Decatur Gaslight and Coke Company, their assignee or assignees, shall furnish gas of a quality at least equal to, and

at rates as favorable as that furnished by the Springfield Gaslight Company, in the City of Springfield, Illinois, and they are to have the exclusive right to lay down and maintain their own gas pipes in said streets, lanes, alleys or other public grounds from the taking effect of this ordinance, during and until the expiration of the charter of said company, as now established."

The price charged by the Springfield company for gas when this ordinance was adopted, was $3.25 per one thousand cubic feet.

The City of Decatur has been a consumer of gas furnished by the appellant company since the opening of the works in the year 1868. The rate first charged by the company and paid by the city was $3.60 per thousand and was reduced at various times, the last reduction being to $2, at which rate the city paid from November 1, 1883, to May 1, 1885. The controversy now before the court relates to the gas furnished from May 1, 1885, to September 1, 1885, for which the company charged $2 per thousand, amounting to $4,569.60.

The city tendered $3,427.20, being at the rate of $1.50 per thousand and the costs accrued, which tender, though refused by the company, was kept good.

During the period within which the gas in question was used by the City of Decatur, the price charged by the Springfield Gaslight Company was $1.50 per thousand. It was contended by the City Council of Decatur, that the Decatur company, by the third section of the ordinance heretofore set out, was limited in its charges to $1.50 per thousand, the price charged by the Springfield company. Hence the refusal to pay the $2 per thousand. In the stipulation of facts is the following provision:

"It is agreed that in case the court shall find that the plaintiff is limited in its charges for gas to the price charged by the Springfield Gas Light Company since February, 1884, viz., $1.50 per thousand cubic feet, then the judgment shall be for the plaintiff for the sum of $3,427.20 and $4.45 of the costs of suit; and that judgment shall be entered against the plaintiff for the balance of the costs of suit."

"If the court shall find that the plaintiff is not limited to the charges for gas made by the Springfield Gas Company since February, 1884, viz., $1.50 per thousand, then the judgment shall be for the sum of $4,569.60, and all costs of suit, in favor of the plaintiff and against the defendant."

The court found the company was limited in its charges to the price charged by the Springfield company, $1.50, and judgment was entered accordingly. The appellant company brings the record here, and by its assignment of errors questions the propriety of this finding and judgment.

Counsel for appellant insist that one of two constructions should be placed upon said Sec. 3: 1st. It imposed upon the appellant company a maximum price only, viz., the price charged by the Springfield company when the ordinance was passed, $3.25; or, 2nd. The expression "at rates as favorable as that furnished by the Springfield company" does not mean that the same price should be charged by the appellant company as by the Springfield company but that the gas should be furnished by appellant at rates as favorable as gas should be furnished by the Springfield company under like circumstances and conditions. The language involved is not difficult or obscure and when it is considered, in the light of the then situation of the parties, we think its meaning reasonably clear. The object was to provide for the quality and price of gas during the whole period contemplated by the ordinance.

Had it been designed to permanently adopt the then quality and price prevailing at Springfield it would have been quite easy to say so in plain terms. Such was not the object. It was known that the price at which gas could be furnished would depend greatly upon the number of consumers, and this would depend mainly upon the growth of the city. The quality would, to some extent, affect the amount consumed, and the company would find it necessary to maintain as good a quality as that begun with and reasonably fit for use. It was, of course, assumed that the population would increase and therefore the natural and reasonable expectation would be that the price in Springfield would reduce, from time to time, the quality being maintained, if not improved. This was a practical and business-like view and was fair to all concerned.

The city could afford to take the risk of paying higher rates where it was scarcely doubtful that they would be lower, as certainly would be the case, if the prosperity and growth of Springfield were assured. The term "rates as favorable," can have but one meaning, that is, that no more should be charged in Decatur than in Springfield, with a possibility of even a lower rate, if justified by an increase of business and other circumstances not unlikely to occur.

The suggestion that the comparison of rates was to depend on the comparative volume of business and net profits in the two cities, is not tenable. This involves the adding of words not found in the section, and it involves the consideration of various circumstances which would be sure to cause doubt and controversy.

Careful and prudent men would not be disposed to put themselves in such a position, nor would they be apt to do so.

It is suggested that the ordinance was void because it gave the appellant company a perpetual and exclusive right to furnish gas and that the Council which passed the ordinance had no power in that way to bind its successors.

It is not necessary to determine whether the ordinance is invalid for this reason or not. The contract thereby created is valid so far as it has been executed—so far as it is executory it may, perhaps, not be enforceable. For the gas which the city has consumed it is bound to pay according to the contract, and the company is bound to accept payment according to the contract.

The gas was furnished and received under the contract, and to that extent both parties are bound by the contract. E. St. Louis v. E. St. L. G. & C. Co., 98 Ill. 415.

We are of opinion the judgment of the Circuit Court is based upon a proper view of the rights of the parties and it will be affirmed.

*Judgment affirmed.*